UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20709-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ROBERTO RODRIGUEZ,

       Defendant.
_____/

### ORDER FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT IS PRESENTLY SUFFERING FROM A MENTAL DISEASE OR DEFECT RENDERING HIM INCOMPETENT TO PROCEED

This matter was referred to this Court on December 1, 2008, by the Honorable Ursula Ungaro, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida (DE # 40). Pursuant to 18 U.S.C. § 4241(a), presently pending before this Court is the issue of competency of the defendant, Roberto Rodriguez, to understand the nature and consequences of the proceedings against him or to assist properly in his defense (DE # 39).

The Court has received copies of Dr. Heather Holmes's reports regarding the competency of the defendant (DE ## 39, 44). The Court has also heard argument from counsel for both the United States and the defendant (DE## 43, 45). Defendant's initial motion requested the Court to order a competency evaluation, as well as a competency hearing, based on counsel's reasonable belief that the defendant was not competent (DE # 39). At a status conference held on January 26, 2009, counsel for the defendant modified her motion, with the agreement of the government, to request only a competency hearing, asserting that the mental health evaluations conducted by Dr.

Holmes were sufficient for the Court to make a competency determination, and that a further evaluation was not necessary.

The Court conducted a mental competency hearing on January 27, 2009, at which time the Court heard further from counsel for both the United States and the defendant. The defendant and the U.S. Probation Officer were both present at this hearing.  During the competency hearing, the United States did not contest the defendant's motion regarding the issue of competency. Also during the hearing, the defendant and the United States agreed that the previously identified reports submitted to this Court are comprehensive in nature and sufficiently detailed that in-court testimony by the psychologist is not necessary for this Court to reach its decision regarding the mental competency of the defendant. Moreover, based on the psychological evaluations of the defendant to date, counsel for the United States and the defendant stipulated at the mental competency hearing that, by a preponderance of the evidence, the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

This Court, having carefully considered the psychological evaluations submitted, as well as the colloquy with counsel for the defendant and the United States, including the above-mentioned stipulation, finds, pursuant to 18 U.S.C. § 4241(d), by a preponderance of the evidence, that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is hereby **ORDERED:**

1.  Defendant's Motion for Competency Evaluation (DE # 39) is **GRANTED**, as stated in the body of this Order.  The hearing was held on January 27, 2009.

2.  Pursuant to 18 U.S.C. § 4241(d), the defendant, Roberto Rodriguez, is committed to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the supervised release revocation hearing to proceed.

3.  The Attorney General, through the United States Attorney's Office, shall file monthly reports concerning the defendant's status and provide copies to counsel of record.

4.  The period from the defendant's filing of his Motion for Competency Evaluation Pursuant to 18 U.S.C. § 4241, on November 21, 2008, to the return of the defendant to this district following his mental competency treatment is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** in Miami, Florida, on January 28, 2009.

*Andrea M. Simonton*
HONORABLE ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**

AFPD Sowmya Bharathi
AUSA Maria Medetis
Probation
Federal Detention Center
U.S. Marshals Service